IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BRENDA ROBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-1247-CV-W-DGK-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER REMANDING CASE TO ALJ

Plaintiff Brenda Robertson seeks judicial review of the Commissioner's denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42. U.S.C. § 401, *et seq.*, and her application for supplemental security income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq.* Plaintiff has exhausted all administrative remedies, and judicial review is now appropriate under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

Robertson alleges she became disabled as of May 1, 2004, and is therefore unable to engage in substantial gainful employment as a matter of law. After independent review of the record, carefully considering the arguments set forth by the parties, the Court remands the case to the ALJ for further review.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

1

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are consistent with the Social Security Act, the relevant case law, and the regulations, and whether they are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* In making this determination, the court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Id.* If substantial evidence in the record supports the Commissioner's decision, the court may not reverse because substantial evidence in the records supports a contrary result or because the court may have decided the case differently. *Id.*

## Discussion

To establish entitlement to benefits, Plaintiff must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of no less than 12 months. 42 U.S.C. §§ 423(d) and 1382(a)(3)(A). To determine a claimant's eligibility for SSI, the Commissioner employs a five-step evaluation process.[1] *See* 20 C.F.R. §§ 404.1520(a) and 416.920(a).

---

[1] There is a five-step process for determining eligibility. If the fact-finder determines at any step of the evaluation process that the claimant is or is not disabled, the inquiry does not continue. The applicant bears the burden of showing he is disabled from steps one through four of the process. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). At step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Id.* The steps proceed as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, the applicant is not disabled; if not, the inquiry continues. At step two, the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments that has lasted or is expected to last for a continuous 12-month period. If not, the applicant is not disabled; if so, the inquiry continues. At step three, the Commissioner considers whether the impairment or combination of impairments meets the criteria of any impairment listed in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four, the

2

In the instant case, the administrative law judge ("ALJ") found that despite Plaintiff's severe impairments, Plaintiff was not disabled and could perform light work with postural, environmental, and mental limitations. Plaintiff, however, argues: (1) the ALJ committed legal error in granting weight to the opinion of a single decision maker as though she were a medical expert; (2) the ALJ failed to consider all the relevant evidence, including statements from Plaintiff's fiancé; and (3) the ALJ's Residual Functional Capacity ("RFC") is not based on the substantial evidence of record.

**A. The ALJ erred in granting weight to the opinion of a single decision maker.**

Plaintiff argues that the ALJ's decision to give probative weight to the opinion of La'Kendra Coleman, a "purported medical consultant," was improper. Doc. 6, p. 17. Specifically, Plaintiff argues that the ALJ's decision to accord probative weight to "Dr. Coleman's" opinion was legal error because Ms. Coleman is not a medical consultant or a physician and yet the ALJ weighed the opinion as if it was from a medical professional.

Defendant concedes that "the opinion of a single decision maker is not a medical opinion and that the ALJ incorrectly indicated that the single decision maker was a physician." Doc. 11, p. 17. Defendant also acknowledges that the "opinion of a single decision maker is an adjudicatory document not entitled to any weight." *Id*. Defendant argues, however, that this error was non-prejudicial and inconsequential because a physician affirmed Ms. Coleman's assessment in March 2009.

The Court finds Defendant's argument without merit. A determination of a claimant's RFC must be based on the opinion of a medical professional. *Hutsell v. Massanari*, 259 F.3d

---

Commissioner considers if the applicant's residual functional capacity allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five, the Commissioner considers whether, in light of the applicant's residual functional capacity, age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King*, 564 F.3d at 979 n.2.

707, 712 (8th Cir. 2001). Here, the ALJ improperly assigned probative value to Ms. Coleman's opinion, mistakenly treating it as that of a medical professional. Defendant offers no evidence that Ms. Coleman has any "medical credentials that would qualify her to act as a medical consultant under 20 C.F.R. § 404.1616(b)." *Dewey v. Astrue*, 509 F.3d 447, 448-49 (8th Cir. 2007). This constitutes legal error. *See Lewis v. Astrue*, No. 10-0994-CV-W-NKL, 2011 WL 2837671, at *3 (W.D. Mo. July 13, 2011).

The Court must next determine if this error was prejudicial. Defendant argues that the error was non-prejudicial because a physician later affirmed Ms. Coleman's assessment. R. at 831-32. The Court disagrees. Dr. Hughes's "affirmation" of Ms. Coleman's decision is nothing more than a statement that he "reviewed all the evidence in file and the assessment of Brenda Fay Robertson is affirmed as written." R. at 832. There is no indication that Ms. Coleman's decision was part of the file reviewed by Dr. Robertson, and there is no indication that Dr. Robertson specifically considered the limitations set forth by Ms. Coleman. The Court also notes that Dr. Hughes did not examine or treat Plaintiff, and his opinion, therefore, does not constitute substantial evidence upon which the ALJ may base a denial. *Jenkins v. Apfel*, 196 F.3d 922 (8th Cir. 1999).

Thus, the Court finds that the ALJ improperly adopted Ms. Coleman's recommendations regarding Plaintiff's exertional and non-exertional limitations in determining Plaintiff's physical residual functional capacity. The Court also finds that the error was prejudicial because the ALJ relied upon this opinion, giving it "probative weight," without specifying other medical sources she relied upon. Accordingly, the case is remanded for a rehearing on this matter. While the ALJ may still conclude that medical opinion evidence does not support Plaintiff's claim of disability, the ALJ must articulate a proper basis for doing so.

4

**B. The ALJ failed to properly discuss all the relevant evidence including third party statements.**

The Plaintiff also argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to consider third-party information and observations, particularly those of Plaintiff's fiancé, James Firebaugh, whose statements confirm Plaintiff's complaints of weakness, nausea, and pain. R. at 196-202. Specifically Plaintiff argues that the Social Security Regulations require the ALJ to consider statements and information from "other people" in evaluating Plaintiff's credibility. 20 C.F.R. § 416.929(a) ("We will consider all of your statements about your symptoms, such as pain, and any description you, your treating source or nontreating source, *or other persons* may provide about how the symptoms affect your activities of daily living and your ability to work.") (emphasis added). Because Mr. Firebaugh's statements are consistent with Plaintiff's complaints that she has "nausea, fatigue, back pain, and anxiety, and is unable due to her limitations to function sufficiently to carry out activities of daily living," Plaintiff argues it was legal error for the ALJ not to consider them.

As a general rule, credibility questions are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). In evaluating a Plaintiff's subjective complaints, the ALJ must consider the entire record, including medical records, third party statements, Plaintiff's statements, and other factors including: (1) claimants daily living activities; (2) the duration, frequency, and intensity of pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions. 20 C.F.R. §§ 404.1529, 416.929; *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

An ALJ's failure to discuss evidence does not necessarily indicate that such evidence was not considered in the evaluation. *Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010), quoting

5

*Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) ("Although required to develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted"). In fact, the same evidence the ALJ discussed in discounting Plaintiff's credibility could have also been considered by the ALJ in discounting and thereafter rejecting her fiancé's statements. For example, in partially discounting Plaintiff's credibility, the ALJ properly relied on medical evidence contradicting Plaintiff's allegations. Although Plaintiff complained of disabling knee and ankle pain, medical evidence suggested that Plaintiff quickly recovered after hospitalization for these incidents in September and October 2007. R. at 553. Plaintiff's complaints of disabling back pain are also inconsistent with emergency room records detailing Plaintiff's drug-seeking behavior. During the relevant time period, Plaintiff sought treatment for back pain fifteen times at various facilities, reporting slipping on ice, tripping over a bathroom rug, tripping over a picnic table, falling out a lawn chair, and falling while running to the washing machine. R. at 354, 369, 488, 594, 614, 698, 724. In August 2008, emergency room staff noted that Plaintiff was "exhibiting opiate dependence and narcotic-seeking behavior." R. at 608. Therefore, the same medical evidence that was inconsistent with Plaintiff's allegations of disability may have also detracted from the credibility of Plaintiff's fiancée, whose statements were similar to her own. *Buckner v. Astrue*, 646 F.3d 549, 559-60 (8th Cir. 2011).

Still, the Court cannot make this inference on its own without some evidence in the record that the ALJ was, at the very least, aware of the statements of Plaintiff's fiancé. The Social Security regulations, which are binding on the ALJ, require the ALJ to identify pertinent information from medical and non-medical reports and to "carefully consider any other information you may submit about your symptoms," including statements "other persons provide about your pain or other symptoms." 20 C.F.R. § 404.1529(c)(3); *Buckner*, 646 F.3d at 559.

The regulations do not define "carefully consider." *Id*. However, the ALJ must provide some evidence that she was at least aware of the testimony or opinion at issue. Although remand is not always required where an ALJ fails to *explain* or *discuss* why evidence from a lay person was rejected, in cases where remand was not ordered, the court found at the very least that the ALJ addressed or mentioned the third-party testimony. *Robinson v. Sullivan,* 956 F.2d 836, 841 (8th Cir. 1992) (noting that "it is clear that the ALJ specifically addressed [the wife's] testimony and found it not credible"); *Smith v. Heckler,* 735 F.2d 312, 317 (8th Cir. 1984) ("If the ALJ is to reject such [third-party] testimony, it must be specifically discussed and credibility determinations expressed.").

Here, the decision does not specify whether the ALJ considered the May 3, 2009 written statement from Plaintiff's fiancé. While the ALJ may have considered this statement, there is no evidence in the record to support this inference, and, therefore, the Court must remand. *Willcockson v. Astrue*, 540 F.3d 878, 880 (remanding where "the decision does not say that the statements were considered at all"). Again, the ALJ is free to evaluate the credibility of this testimony and discredit it like any other third-party testimony, however, she must articulate that she has done so.

**C. The Court declines to determine whether the ALJ's RFC determination is based on substantial evidence of record.**

Plaintiff's final argument is that the ALJ's determination of her RFC is not based on substantial evidence of record. Plaintiff asserts that the medical evidence is contradictory to the ALJ's findings. In particular, Plaintiff argues that the ALJ ignored evidence of: a knee impairment which progressively worsened and caused substantial pain; vomiting; nausea; diarrhea due to irritable bowel syndrome; a hospitalization for pneumothorax, shoulder

7

limitations, a neck impairment, fatigue, and a GAF score of 50. Plaintiff also argues that the ALJ failed to link the RFC to substantial evidence of record.

The Court finds that the ALJ's determination has some evidentiary support. In addition, the Court notes that in determining Plaintiff's RFC, the ALJ is not required to list every limitation along with a discussion of the evidence supporting it. *McKinney v Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). However, because the ALJ must reevaluate the Plaintiff's RFC on remand, properly considering the statement of Ms. Coleman and Plaintiff's fiancé, the Court refrains from deciding whether the ALJ's RFC determination is supported by substantial record evidence at this time.

## Conclusion

After careful examination of the record as a whole, the Court remands to the ALJ for further consideration consistent with this decision. Although the ALJ may still reach the conclusion that Plaintiff is not entitled to disability benefits under 42. U.S.C. § 401, *et seq*. and 42 U.S.C. §§ 1381, *et seq.*, the ALJ must properly evaluate the evidence in the case and clearly articulate the reasoning underlying her decision.

**IT IS SO ORDERED.**

Date: January 3, 2012  /s/ Greg Kays
  GREG KAYS, JUDGE
  UNITED STATES DISTRICT COURT